# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICARDO D. WILSON,

        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
DA-0714-21-0194-I-1

DATE: April 25, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Stephen E. Jones, Esquire, Dallas, Texas, for the appellant.

Amanda J. Moreno, Houston, Texas, for the appellant.

Andrew Broad and Devora Mas, Esquire, Houston, Texas, for the agency.

Kacy Coble, Esquire, North Little Rock, Arkansas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal pursuant to 38 U.S.C. § 714 based on one charge of misuse of Government equipment and one charge of lack of candor. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this matter to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments do not provide a basis to disturb the initial decision.

The appellant argues that the agency presented insufficient evidence to support the sole specification underlying its charge of misuse of Government equipment, i.e., that in violation of an agency directive, the appellant used his Government-issued cellphone to transmit sexually explicit photos of himself. Petition for Review (PFR) File, Tab 1 at 8-20; Initial Appeal File (IAF), Tab 6 at 160, 229-35. To this end, he contends that the administrative judge (1) relied solely on documentary evidence and written statements[2] submitted by the agency employee who had received the subject photos and (2) "improperly overlooked" other evidence in the record. PFR File, Tab 1 at 9. He reasserts that the agency's witness harbored a retaliatory motive against him and doctored the explicit photos at issue to make them appear to have been sent from his Government cellphone.[3] *Id.* at 10-16. The appellant's arguments, however, do not provide a basis to disturb the administrative judge's reasoned conclusion that the witness's version of events was "far more logical." IAF, Tab 29, Initial Decision (ID) at 6-12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made

---

[2] Although the appellant initially requested a hearing on the matter, IAF, Tab 1 at 2, he subsequently withdrew his request in favor of a decision on the written record, IAF, Tab 16 at 4-5. In his petition and reply, the appellant repeatedly asserts that the administrative judge's credibility determinations are not entitled to any deference because she considered only the written record, *e.g.*, PFR File, Tab 1 at 16, Tab 4 at 4-6; however, he does not identify any error with her determinations or otherwise provide a basis for the Board to disturb her factual findings.

[3] The appellant acknowledged before the administrative judge that he had sent explicit photos of himself to the subject individual; however, he averred that he had done so from his personal cellphone. IAF, Tab 23 at 29.

reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (explaining that an administrative judge's failure to discuss all of the evidence of record does not mean that the evidence was not considered), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Indeed, the administrative judge considered, but found unavailing, the appellant's argument that the witness had purposefully manipulated the illicit photos. ID at 6-12. To this end, she found satisfactory the witness's proffer that any inconsistencies in the images provided were attributable to either iPhone software updates or the witness having taken additional screenshots of her text exchanges with the appellant in order to show a more complete view of her phone screen.[4] ID at 10. The administrative judge also fully considered both the witness's retaliatory motive and incredulous statements made by the witness but concluded that she was nonetheless credible regarding the pertinent facts underlying the agency's charge. ID at 8-12, 13 n.9; *see Mitchell v. Department of the Air Force*, 91 M.S.P.R. 201, ¶ 10 (2002) (stating that a witness who is not credible about one matter may be credible about another matter). Thus, we find the appellant's assertions unavailing.[5]

---

[4] The appellant draws the Board's attention to the fact that the administrative judge requested the agency to resubmit certain exhibits, including the explicit images at issue, as they "need[ed] to be resized, or otherwise corrected." PFR File, Tab 1 at 11; IAF, Tab 15 at 5 & n.2. To the extent the appellant argues that this request was improper, we find his assertion unavailing. Indeed, we discern no basis to disturb the administrative judge's conclusion that, with or without the additional images, the agency proved the subject charge by substantial evidence. ID at 9 n.6. The appellant also draws the Board's attention to purported issues with certain text messages/images that he alleges are not attributable to either a software update or subsequent screenshots being taken, e.g., one screenshot purportedly appearing "visibly crooked as if it were carelessly photoshopped." PFR File, Tab 1 at 14 (emphasis as in original); IAF, Tab 6 at 203. We have considered all of the purported issues identified by the appellant; however, we find that none warrant a different outcome. To this end, there are numerous explanations for a screenshot appearing slightly askew apart from purposeful manipulation, e.g., imprecision in converting the image containing the screenshot to a Portable Document Format file.

The appellant asserts that the administrative judge erred in finding that he failed to prove that the agency violated his due process rights. PFR File, Tab 1 at 21-25. To this end, he argues that, because the aforementioned witness initially showed the agency's fact-finding team the explicit photos from her cellphone, the agency was required to provide the appellant with physical access to the witness's phone "during the predetermination period." *Id.* at 23-25; PFR File, Tab 4 at 8. We disagree. Indeed, the record does not indicate, nor does the appellant allege, that the deciding official ever physically inspected the witness's cellphone; rather, it indicates that he viewed only what was provided in the agency's evidence file, i.e., screenshots of the images in question, all of which were undisputedly provided to the appellant. IAF, Tab 22 at 20; *see Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011) (explaining that a deciding official violates an employee's constitutional due process rights when he relies on "new and material" ex parte information as a basis for his decision on either the merits of a proposed charge or the penalty to be imposed). To the extent the appellant believed that the witness's cellphone or information contained therein was relevant to his appeal, he could have sought to acquire the same through means such as a nonparty discovery request or a subpoena; however, there is no indication that he did so. *See* 5 C.F.R. §§ 1201.73, 1201.81. Thus, the appellant's assertion is unavailing.

The appellant contends that the agency committed harmful procedural error by violating 38 U.S.C. § 714(c)(2), which provides, among other things, that the

---

[5] The appellant also seemingly argues that the deciding official lacked credibility because he stated in an affidavit that the appellant had apologized for his actions. PFR File, Tab 1 at 20; IAF, Tab 22 at 19-20. The appellant avers that he "did not apologize for sending the explicit images to [the witness] from his [G]overnment cell phone." PFR File, Tab 1 at 20. We find this argument unavailing. Indeed, the appellant stated, among other things, "I am truly ashamed and regretful of my actions" and "I apologize for my failure to maintain the integrity of my post" in response to the agency's notice of proposed removal. IAF, Tab 6 at 107-08. That the appellant did not explicitly identify what he was ashamed of and/or apologizing for does not render the deciding official's statement inaccurate or otherwise call into question his credibility.

agency shall provide to an employee facing certain disciplinary actions "a file containing all the evidence in support of the proposed action." PFR File, Tab 1 at 26. To this end, the appellant avers that the agency failed to provide him with (1) records allegedly obtained by the agency from his Government-issued cellphone and (2) information provided to agency investigators by the agency's witness, i.e., a phone log and a PowerPoint presentation. *Id.* at 26-28. Again, however, the appellant does not provide a basis to disturb the administrative judge's conclusion that the record was devoid of any indication that the deciding official received or considered any of these items. ID at 19-20; IAF, Tab 22 at 20. Thus, he has not identified any procedural error, much less one that would likely have caused the agency to reach a different outcome. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (explaining that a procedural error is harmful when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error). Thus, the appellant's contention does not provide a basis to disturb the initial decision.

<u>We remand the matter for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

The deciding official here sustained the agency's action because he found that there was substantial evidence to support two of the charges levied against the appellant, i.e., misuse of Government equipment and lack of candor. IAF, Tab 6 at 18.[6] After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit found in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), that the agency had erred by applying the substantial evidence standard to its internal review of a disciplinary action under 38 U.S.C. § 714. The Federal Circuit found that substantial

---

[6] The agency also charged the appellant with conduct unbecoming a Federal employee; however, the deciding official did not sustain this charge. IAF, Tab 6 at 18, 161.

evidence[7] is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence[8] standard in determining whether the appellant's performance or misconduct warrants the action at issue. *Id.* at 1298-1301; *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with the appellant's contention that the agency's decision was legally flawed when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required by *Rodriguez*).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties here did not have the benefit of *Rodriguez* prior to the close of the record.[9] We therefore remand this case for adjudication of whether the agency's application of the substantial evidence standard was harmful. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714). On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, addressing whether the agency's use of the substantial evidence standard constituted harmful error. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *id.*, ¶ 24. Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence burden of proof in the removal decision, if any argument or evidence adduced on remand affects the administrative judge's

---

[7] Substantial evidence is the degree of relevant evidence a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

[8] Preponderant evidence is that degree of relevant evidence a reasonable person, considering the record as a whole, would accept as sufficient to find a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[9] The Federal Circuit issued *Rodriguez* on August 12, 2021, following the submission of the appellant's petition for review, but prior to the submission of both the agency's response and the appellant's reply thereto. PFR File, Tabs 1, 3-4. Neither party addressed *Rodriguez* in its final filing.

analysis of the appellant's affirmative defenses or the agency's penalty, she should address such argument or evidence in the remand initial decision. *See Semenov*, 2023 MSPB 16, ¶ 25.

On remand, the administrative judge should allow the parties an opportunity to present evidence and argument regarding whether the agency considered the *Douglas* factors in determining the penalty.

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), which was also issued subsequent to the initial decision, the Federal Circuit found that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under an action taken pursuant to 38 U.S.C. § 714. The Federal Circuit found that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," *id.* at 1326, and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty," *id.* at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Semenov*, 2023 MSPB 16, ¶¶ 22, 49-50.

Here, the administrative judge correctly relied on *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375 (Fed. Cir. 2020), for the proposition that 38 U.S.C. § 714 requires the Board to review for substantial evidence the entirety of the agency's adverse action decision, to include the penalty imposed. ID at 4, 14. However, although the administrative judge reasoned that the deciding

official had provided an affidavit wherein he discussed why he believed that mitigation of the penalty was inappropriate, she did not mention the *Douglas* factors. ID at 14. The decision letter was similarly devoid of any mention of the *Douglas* factors and contained only a brief statement indicating that the deciding official had concluded that the penalty of removal did "not exceed the bounds of reasonableness." IAF, Tab 6 at 18. In the written affidavit relied upon by the administrative judge, the deciding official averred generally that he had "considered mitigation of the penalty"; however, he did not discuss any specific mitigating factors. IAF, Tab 22 at 20. Thus, the record is unclear as to whether the agency properly considered the *Douglas* factors in deciding to remove the appellant. Because the administrative judge did not have the benefit of some of the Federal Circuit's recent decisions regarding the Board's obligation to review the penalty in an action taken under section 714, she did not provide guidance to the parties on the penalty issue. On remand, she should permit the parties to submit additional evidence and argument regarding the same. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, she should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *See Connor*, 8 F.4th at 1326-27.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[10]

FOR THE BOARD:                        Gina K. Grippando

_____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.

---

[10] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.